UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-144-R

THOMAS TABER, Individually and on behalf                                                PLAINTIFF
of all others similarly situated

v.

MCCRACKEN COUNTY, et al.                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Docket #36). Defendants filed a response (Docket #42), to which Plaintiff's replied (Docket #44). This matter is now ripe for adjudication. For the reasons set forth below, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED.

Also before the Court is Defendants' Motion to Dismiss And/Or For Summary Judgment (Docket #28). Plaintiff filed a response (Docket #43), to which Defendants replied (Docket #45). This matter is now ripe for adjudication. For the reasons set forth below, Defendants' Motion to Dismiss And/Or For Summary Judgment is DENIED with leave to refile.

**I. Plaintiff's Motion for Leave to File Second Amended Complaint**

Plaintiff requests leave to file a second amended complaint for the purpose of (a) adding as named Plaintiffs Walter R. George, Chad E. Downs and Marland W. Riley, and (b) deleting allegations relating to the disparate, unconstitutional treatment of state inmates incarcerated in the McCracken County Detention Center, as opposed to those housed in state facilities.[1] Defendants do not object to the deletion of the allegations. Defendants do object to the addition of named plaintiffs, arguing that because the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

---

[1] These allegations are contained in paragraph 20 of Plaintiff's First Amended Complaint.

§ 1997e, bars Plaintiff's suit he does not have standing to amend his Complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

The Court finds that the circumstances that would justify a denial of leave are not present. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint is granted.

## II. Defendants' Motion to Dismiss And/Or For Summary Judgment

Defendants request that Plaintiff's Complaint be dismissed with prejudice and/or that Defendants be granted summary judgment as a matter of law. First, Defendants argue that Plaintiff's Complaint must be dismissed because Plaintiff did not exhaust the prison's available administrative remedies as required by the PLRA. Because Defendants relied on exhibits regarding the grievance procedure to support their motion, the Court treats Defendant's request for dismissal as a motion for summary judgment. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) (citing Federal Rule of Civil Procedure 12(b) and explaining that if matters outside the pleading are presented, the court will treat a motion to dismiss as one for summary

judgment to be disposed of by Rule 56).

Second, Defendants argue that they are entitled to summary judgment because the prison officials were not deliberately indifferent to Plaintiff's serious medical needs. Third, Defendants argue that they are entitled to summary judgment on Plaintiff's state law claims of negligent or intentional infliction of severe mental and emotional distress because there is no evidence that Jailer Bill Adams was involved in any of Plaintiff's medical care and because McCracken County is immune from suit.

Defendants' Motion is dismissed with leave to refile. Upon refiling, Defendants shall discuss the issue of PLRA exhaustion separately from their other arguments. To ensure a full and fair adjudication of Defendant's Motion, both parties shall address the following analysis regarding whether the PLRA bars Plaintiff's suit:

> The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion of all available administrative remedies is mandatory. *Woodford v. NGO*, 548 U.S. 81, 93 (2006); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding exhaustion of available administrative remedies is mandatory); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (holding that exhaustion is a prerequisite to suit even if the relief sought cannot be granted by the administrative process). This mandatory exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or a particular episode, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust is an affirmative defense that may be raised by a defendant. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921 (2007).[2]
>
> The boundaries of proper exhaustion are defined by the prison's grievance process. *Jones*, 127 S. Ct. at 922-23. Defendants state that the McCracken County Detention Center has a grievance procedure, which is posted in each cell and

---

[2] In *Jones*, the Supreme Court reversed Sixth Circuit precedent which interpreted the PLRA to require prisoners to plead exhaustion with respect to all of their claims and all named defendants before filing suit. 127 S. Ct at 915, 926; *see also, e.g.*, *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007).

included in the Jail's "Inmate Orientation" handbook ("the Handbook") located in each cell. The Handbook has additional instructions regarding grievances, and also specifically addresses requests for medical care.

The PLRA bars an action by a prisoner with respect to prison conditions if that prisoner did not exhaust the prison's *available* administrative remedies. 42 U.S.C. § 1997e(a). It is not clear, however, that the prison's grievance procedure is an available administrative remedy. First, the plain language of the procedure does not appear to make it mandatory. *See Sprull v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004). Also, the grievance procedure makes no reference to the PLRA, and the Handbook never states that filing a grievance and appeal is a necessary to preserve the right to sue. Second, the grievance procedure is not the only means an inmate is instructed on how to register a problem. Not only is it not clear that the grievance procedure was the only correct way for inmates to satisfy their administrative remedies, it is also not clear how complaints regarding medical care intersect with the grievance procedure. If the Jail's grievance procedure is not a PLRA mandatory exhaustion requirement, then no administrative remedy was "available" to Plaintiff. *See Rayburn v. Sizemore*, No. Civ. A. 605322, 2005 WL 1593947, at *4 (E.D. Ky. July 6, 2005).

Additionally, the Court needs better factual development and support from both parties, with references to the record and relevant case law, in order to make an informed decision regarding Defendants' Motion with respect to (1) whether they are entitled to summary judgment because the prison officials were not deliberately indifferent to Plaintiff's serious medical needs, and (2) whether they are entitled to summary judgment on Plaintiff's state law claims. Upon refiling, the parties shall address each plaintiff separately.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

I. Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED;

II. Defendants' Motion to Dismiss And/Or For Summary Judgment is DENIED with leave to refile.