UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-144-R

**THOMAS TABER, et al., individually**                         **PLAINTIFFS**
**and on behalf of all others similarly situated**

v.

**MCCRACKEN COUNTY, et al.**                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Thomas Taber's Motion for Class Certification (Docket #51). Defendants filed a response (Docket #55), to which Plaintiff replied (Docket #59). This matter is now ripe for adjudication. For the reasons set forth below, Plaintiff's Motion is DENIED.

BACKGROUND

Plaintiff Thomas Taber was an inmate of the McCracken County Detention Center ("Jail"). On September 30, 2008 he amended his complaint, adding as plaintiffs Walter R. George, Chad E. Downs and Marland W. Riley, also former inmates of the Jail. They claim that the policies, practices, procedures and conduct of the Jail violated their rights under the Eighth and Fourteenth Amendments of the Constitution. Specifically, Plaintiffs allege that they were infected with methicillin-resistant *Staphylococcus aureus* ("MRSA"), a bacteria that is resistant to many antibiotics and can cause severe infections, after entering the Jail. Plaintiffs state in their Complaint that:

> Defendants have failed to provide materials, institute policies, services, programs, customs or practices, or employ qualified persons, or to properly train Jail employees: (a) to prevent or alleviate conditions in the Jail that foster and propagate infectious diseases; (b)

>to diagnose MRSA or other infectious diseases, to deal with infected inmates, or to prevent other inmates from contracting such diseases; (c) to attend to the serious medical needs of inmates at the Jail; and (d) to provide inmates the materials, access to the materials and assistance with the materials necessary to respect, and not frustrate, their constitutionally-guaranteed right of access to the court.

Plaintiffs request relief in the form of damages, a declaratory judgment and a permanent injunction.

Plaintiffs seek certification of three classes under Rule 23 of the Federal Rules of Civil Procedure. The first class is proposed under Rule 23(b)(2), and is defined as "all present and future inmates in the McCracken County Detention Center." The second and third classes are proposed under Rules 23(b)(1) and 23(b)(3), and consist of "all persons who, after September 6, 2005, first developed symptoms consistent with [MRSA] after confinement in the Jail for a period of more than ten days." Defendants oppose class certification, arguing that Plaintiffs' proposed classes do not meet the requirements set forth by the Federal Rules of Civil Procedure.

## STANDARD

A district court has broad discretion in certifying a class action, but "it must exercise that discretion within the framework of Rule 23." *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). "The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). First, the moving party must "satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman*, 296 F.3d at 446; *see* Fed. R. Civ. P. 23(a). The district court must conduct "a rigorous analysis" to ensure that "the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004); *In re Am. Med. Sys.*, 75 F.3d at 1078-79. A court may not certify

2

a class that fails to satisfy all four prerequisites. *Ball*, 385 F.3d at 727. Second, in addition to satisfying 23(a)'s prerequisites, the moving party "must demonstrate that the class fits under one of the three subdivisions of Rule 23(b)." *Coleman*, 296 F.3d at 446; Fed. R. Civ. P. 23(b); *see also Ball*, 385 F.3d at 727; *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998) (en banc). Here, Plaintiff claims class certification is appropriate under 23(b)(1), 23(b)(2), and 23(b)(3).

## DISCUSSION

*A.     Class Certification is Not Proper Under Rule 23(b)(1)*

Both Plaintiff and Defendants generally neglect to discuss whether class certification is appropriate under Rule 23(b)(1). For example, in Plaintiff's reply, he largely refers to an "injunctive class," the 23(b)(2) class, and a "damages class," the 23(b)(3) class. This distinction makes sense because a 23(b)(1) "inconsistent standards" class is entirely inapplicable in this matter.

Rule 23(b)(1) provides that a class action may be maintained if "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Plaintiff argues briefly that certification is appropriate to avoid inconsistent adjudications because separate actions would create a risk of establishing incompatible standards of conduct for the Jail. Plaintiff states that certification is preferable to "separate actions that could produce varying results that would only confuse the issue further and delay effective remedy." Plaintiff does not specify what those "inconsistent conclusions" could be.

"The fact that some plaintiffs may be successful in their suits against a defendant while others may not is clearly not a ground for invoking Rule 23(b)(1)(A)." *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 305 (6th Cir. 1984).  A 23(b)(1)(A) class is meant to protect the defendant from having to comply with inconsistent court orders. *See McBirney v. Autrey*, 106 F.R.D. 240, 245 (N.D. Tex. 1985) ("Rule 23(b)(1)(A) is satisfied only in the event that inconsistent judgments in separate suits would trap the party opposing the class 'in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another.'").  Possible varying damages awards or findings that Defendants are liable to some plaintiffs but not to others does not justify certification of a 23(b)(1) inconsistent standards class.

Because Plaintiff has not presented any evidence that failure to certify would subject Defendants to the risk of having to comply with inconsistent orders, his request to certify a 23(b)(1) class is denied.

  B. *Rule 23(a) Prerequisites for the Injunctive and Damages Classes*

Plaintiff also argues that certification is appropriate under 23(b)(2) and 23(b)(3).  To certify these classes, Plaintiff must first demonstrate that Federal Rule of Civil Procedure 23(a)'s prerequisites are satisfied. *See In re Am. Med. Sys.*, 75 F.3d at 1079.  Rule 23(a) provides as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>  (1) the class is so numerous that joinder of all members is impracticable;
>  (2) there are questions of law or fact common to the class;
>  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>  (4) the representative parties will fairly and adequately

4

protect the interests of the class.

Fed. R. Civ. P. 23(a); *Olden v. LaFarge*, 383 F.3d 495, 507 (6th Cir. 2004).

### 1. Numerosity

"There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys.*, 75 F.3d at 1079 (finding uncontested class estimate of over 150,000 satisfied numerosity requirement); *see also Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005) (affirming district court's determination that proposed class was too speculative to satisfy burden of proving numerosity); *Bacon v. Honda of America Mfg, Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (finding proposed class of 800 current and former employees well beyond point in which joinder would be feasible). "Rather, '[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations.'" *In re Am. Med. Sys.*, 75 F.3d at 1079 (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)); *see also Golden*, 404 F.3d at 965; *Bacon*, 370 F.3d at 570. "However, sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon*, 370 F.3d at 570; *see also In re Am. Med. Sys.*, 75 F.3d at 1079. "[W]hile 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden*, 404 F.3d at 965-66 (citation omitted).

### a. Numerosity of the injunctive class

Plaintiff's first proposed class, under 23(b)(2), is defined as "all present and future inmates in the [Jail]." Plaintiff states that the numerosity requirement is met because on any given day the Jail houses approximately 450 inmates. Defendants do not discuss whether numerosity is met for the 23(b)(2) class.

Because of the Jail's large population and the fluidity of the proposed class, the Court finds that the 23(b)(2) class is so numerous that joinder of all members is impracticable. *See Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (finding proposed "class 'composed of all present and future minority members of the Toledo Police Department who have been discriminated against by Defendants' use of unvalidated and culturally biased tests, practices, and procedures" sufficiently numerous); *Death Row Prisoners of Pa. v. Ridge*, 169 F.R.D. 618, 621 (E.D. Pa. 1996) (finding "class consisting of all present and future Pennsylvania death row prisoners who are under sentence of death and who have not yet filed petitions for habeas corpus review" satisfied numerosity requirement because of its large size and fluidity); *Rentschler v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995) (finding class in prison overcrowding case composed of present and future inmates sufficiently numerous, where prison housed over 700 inmates).

### b.   *Numerosity of the damages class*

Plaintiff's proposed 23(b)(3), or damages class, is composed of "all persons who, after September 6, 2005, first developed symptoms consistent with [MRSA] after confinement in the Jail for a period of more than ten days." Plaintiff states that from August 2005 through November 2007, 88 inmates have been identified who first exhibited symptoms of MRSA after they had been in the Jail at least 10 days. In support of this claim, Plaintiff submitted a list of the inmates and their records, as well as the questionnaire responses received from 27 of the 88. Plaintiff expects the number of class members to grow as discovery progresses.

Defendants argue that Plaintiff's figures are incorrect, and that 34 of the 88 inmates identified exhibited MRSA symptoms before they had been in the Jail for 10 days. Defendants

state that only 54 inmates are potential class members.  Furthermore, Defendants assert that it is not possible to determine whether an inmate first developed symptoms consistent with MRSA after confinement in the Jail for a period of more than ten days by simply reviewing jail records and medical files.  Defendants note that jail records would not reflect whether or when an inmate displayed symptoms unless or until the inmate reported them.  According to Defendants, in order to determine who is in the class they would have to conduct extensive discovery as to each potential class member.  For that reason, Defendants argue, class certification should be denied.

The Court finds that Plaintiff's proposed class is so numerous that joinder of all members is impracticable.  While Plaintiff has not definitively proven that any particular inmate first developed symptoms consistent with MRSA after confinement in the Jail for a period of more than ten days, the evidence submitted rises above mere speculation.  To satisfy the numerosity requirement, Plaintiff does not need to prove the number of class members.  *See Golden*, 404 F.3d at 965-66.  The evidence that at least 54 inmates first presented to the medical department with symptoms of MRSA after 10 days of incarceration is enough, at this stage, for the Court to find that joinder would be impracticable.  The Court also recognizes that the nature of the class members, current and former inmates, would likely increase the difficulty of joinder.

        2.     *Commonality*

The second Rule 23(a) prerequisite for class certification is that "there are questions of law or fact common to the class."  Fed.R.Civ.P. 23(a)(2).  Though "there need only be one question common to the class," not every common question will suffice for certification purposes.  *Sprague*, 133 F.3d at 397.  The resolution of the common question must "advance the litigation."  *Id.*

7

### a. *Commonality of the injunctive class*

Plaintiff asserts that the commonality prerequisite is satisfied because all class members' claims arise from certain practices by the Jail. Specifically, Plaintiff refers to allegations that the Jail has failed systematically to isolate inmates during periods when those inmates had MRSA wounds that required bandaging, to educate inmates about MRSA upon admission and for substantial periods thereafter, and to make any effort to determine the source of the MRSA outbreak. Defendants' response focuses on the damages class. The Court finds that there are common questions of law and fact common to the 23(b)(2) injunctive class. Plaintiffs claim that they and all class members were subject to the same unconstitutional practices by the Jail. If these claims were proven, their resolution would advance the litigation.

### b. *Commonality of the damages class*

Plaintiff asserts that the common questions of the injunctive class apply equally as examples of practices affecting the damages class. Defendants argue that resolution of no single issue would advance the litigation– that there is no single set of operative facts that establish liability, and that there is no single proximate cause that applies to each potential class member.

Defendants' argument boils down to an argument that individual issues predominate over common questions. This inquiry, however, is not appropriate in examining whether the commonality prerequisite is satisfied. *See In re Am. Med. Sys.*, 75 F.3d at 1080 (explaining check on requirement of only single common issue exists under Rule 23(b)(3)). Resolution of the common questions referred to by Plaintiff would advance the litigation, and so the commonality prerequisite is satisfied for the damages class as well.

### *3. Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This typicality prerequisite "determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague*, 133 F.3d at 399 (citing *Am. Med. Sys.*, 75 F.3d at 1082). "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *Am. Med. Sys.*, 75 F.3d at 1082). "[F]or the district court to conclude that the typicality requirement is satisfied, 'a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law.'" *Id.* (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976)). On the other hand, a claim, if proven, is not typical if it would only prove the named plaintiff's claim. *See Sprague*, 133 F.3d at 399.

#### *a. Typicality of the injunctive class*

Plaintiff argues that the claims of Taber are typical of those of the injunctive class because he was subjected to the same systematic policies and procedures as the other class members from which the claims arise. Specifically, Plaintiff states that the claims "arise from the same unconstitutional conduct by the Jail; are based on the same legal theory regarding Defendants' liability; and entail the same injury, MRSA infections, all of which began at the Jail and were diagnosed at the Jail." Defendants' arguments in response focus on the individualized nature of each class member's claims.

The Court finds that the named plaintiffs' claims are typical of the claims of the injunctive class. Plaintiffs' claims rest on the same legal theory, and resolution of plaintiffs' claims would resolve the claims of the entire class.

### b. *Typicality of the damages class*

Plaintiff also states that the claims of Taber are typical of those of the damages class because his clams all arose from the same operative facts that bind him to all class members. Plaintiff asserts that "[w]here an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice." *Thomas v. Baca*, 231 F.R.D. 397, 401 (C.D. Cal. 2005) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157-59 (1982)). He states that he and class members share a common interest in recovering damages for injuries they suffered, and so the typicality requirement is met.

Defendants argue that typicality is not met where each claim depends on each individual's unique interactions with defendant, citing *Sprague*, 133 F.3d at 399. Defendants state that "each and every claimant in this action will bring his or her own individual situation to these proceedings, and each inmate-Jail relationship will be different."

The Court finds that the named plaintiffs' claims are not typical of the claims of the damages class. In pursuing their own claims for damages for injuries they have suffered, the named plaintiffs would not advance the interests of the entire class of inmates who, after September 6, 2005, first developed symptoms consistent with MRSA after confinement in the Jail for a period of more than ten days. Each claim depends on each individual's particular medical history, MRSA development, and interaction with the Jail. *See Sprague*, 133 F.3d at

399 (finding that named plaintiffs' claims were not typical because each claim varied from person to person). The cases cited by Plaintiff are not persuasive. For example, in *Thomas v. Baca*, a California district court found that the claims of the named plaintiffs who alleged that a policy of forcing detainees at county jail to sleep on cell floors was unconstitutional were typical. 231 F.R.D. at 401. In that case, however, the court found that the "alleged injuries and claims of all putative class members [were] identical." *Id.* The same finding can not be made in this case with respect to the damages class. As the Sixth Circuit stated in *Sprague*, the premise that "as goes the claim of the named plaintiff, so goes the claims of the class" is not valid here. 133 F.3d at 399.

        4.      *Adequacy of Representation*

The final prerequisite Plaintiff must satisfy is that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). The Sixth Circuit has held that "[t]here are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 524-25.

        a.      *Adequacy of representation of the injunctive class*

Plaintiff asserts that he will adequately represent the class because he eagerly seeks relief for the class, because he seeks no special consideration or relief through this suit, and because he is represented by counsel who has substantial experience in prison abuse litigation. Again, Defendants' response relates to the adequacy of representation of the damages class. Defendants do not dispute the qualifications of Plaintiff's counsel.

The Court finds that the named plaintiffs cannot fairly and adequately protect the interests of the injunctive class because, as former inmates, they are not members of that class. "A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *see also Falcon*, 457 U.S. at 156. The proposed injunctive class consists only of "all present and future inmates of the McCracken County Jail." Neither party addresses whether plaintiffs are members of the 23(b)(2) class, but plaintiffs' Second Amended Complaint states that they "were all inmates," indicating that none are currently inmates. As former inmates, they do not have a current interest in "declaratory and injunctive relief requiring Defendants to adopt, observe, respect and implement the recognized policies and applicable state and federal regulations necessary to protect their inmates and the McCracken County community from MRSA." Because they do not have this common interest with unnamed members of the class, they are not adequate representatives.

### b. *Adequacy of representation of the damages class*

Plaintiff also asserts that he will adequately represent the damages class for the same reasons that he adequately represents the injunctive class. Defendants argue that neither Taber nor any other individual plaintiff could adequately represent the class because his claims would be subject to dismissal for factual or legal reasons specific to him. This would make him inadequate because it would place him in a position antagonistic to the interests of the class.

The Court finds that the named plaintiffs would not fairly and adequately protect the interests of the damages class because they do not have common interests with unnamed members of the class. Class representatives must not only be part of the class, they must also

12

"'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (citation omitted). The individualized nature of each of the class members' claims renders the named plaintiffs inadequate representatives because their interest lies in proving their individual claims, and proving their claims would not prove the unnamed class members' claims. Plaintiffs do not have a specific interest in recovering damages for other individuals for injuries that only affected those individuals.

      C.     *Class Certification is Not Proper Because Plaintiff Has Not Demonstrated that the Rule 23(a) Prerequisites are Satisfied*

In summary, the Court finds that Plaintiff has not satisfied his burden of demonstrating that the Rule 23(a) prerequisites are met for either the injunctive class or for the damages class. Fatal to the injunctive class is that the named representatives, former inmates of the Jail, are not members of a class composed of present and future inmates of the Jail. Plaintiff has also not shown that the claims of the named representatives are typical of the claims of the damages class, or that the representative parties will fairly and adequately protect the interests of the damages class. Because Plaintiff has failed to satisfy all four prerequisites of Rule 23(a) for either of the classes, examination of whether the classes fit under one of the subdivisions of Rule 23(b) would be inappropriate. *See Ball*, 385 F.3d at 727; Fed. R. Civ. P. 23(b) (stating that a class action may only be maintained if Rule 23(a) is satisfied).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Class Certification is DENIED.