**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-144-R**

**THOMAS TABER**  PLAINTIFF

v.

**MCCRACKEN COUNTY, et al.**  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (DN 68). Defendants filed a response (DN 71), to which Plaintiff replied (DN 74). This matter is now ripe for adjudication. For the reasons set forth below, Plaintiff's Motion for Leave to File THIRD Amended Complaint is DENIED.

Plaintiff Thomas Taber was an inmate of the McCracken County Detention Center ("Jail"). He claims that the policies, practices, procedures and conduct of the Jail violated his rights under the Eighth and Fourteenth Amendments of the Constitution. Specifically, he alleges that he was infected with methicillin-resistant *Staphylococcus aureus* ("MRSA"), a bacteria that is resistant to many antibiotics and can cause severe infections, after entering the Jail. On November 26, 2008, the Court denied Plaintiff's Motion for Class Certification. Taber now requests leave to file a third amended complaint, primarily "to name individually all persons previously identified to Plaintiff by Defendants who, after September 6, 2005, first exhibited symptoms of MRSA after confinement in the Jail for a period of more than ten (10) days." In support of this motion, Plaintiff states that Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."

Defendants oppose Taber's Motion, arguing that "a Motion for Leave to Amend is not

the appropriate mechanism for adding parties at this stage of the litigation," and that "even if it were the appropriate mechanism, the allegations by each potential plaintiff are so varying that it would be prejudicial to Defendants to allow all 64 persons to sue Defendants in one suit." Defendants contend that former putative class members who wish to bring claims against Defendants must either "file their own suit" or "intervene as plaintiffs in the pending action." *Crown, Cork & Steel v. Parker*, 462 U.S. 345, 354 (1983). Alternatively, Defendants argue that Plaintiff has not met the requirements of Federal Rule of Civil Procedure 20(a)(1), which governs permissive joinder of plaintiffs.

The Court does not need to determine whether a motion to amend is an inappropriate method of adding plaintiffs after denial of class certification because it finds that Taber has not met the requirements of Federal Rule of Civil Procedure 20(a)(1). Rule 20(a)(1) provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

As the Court has previously determined that there are questions of law or fact common to the plaintiffs, *see Taber v. McCracken County*, No. 5:06-cv-114, 2008 WL 5101684, at *4-5 (W.D. Ky. 2008), they may join in the action if they assert any right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).

Defendants argue that this part of Rule 20 is not satisfied because, as the Court previously found, "[e]ach claim depends on each individual's particular medical history, MRSA

2

development, and interaction with the Jail." *Taber*, 2008 WL 5101684, at *6. Defendants submit that each Plaintiff will have a different story to tell, different evidence, and different witnesses. Further, Defendants state that they would likely have different defenses to each claim. Defendants conclude that these variations, combined with a time period spanning two and a half years, means that the proposed plaintiffs claims do not arise out of the same series of transactions or occurrences.

Taber does not address Rule 20 in his reply. He does not make any arguments or present any facts that the proposed plaintiffs claims arise out of the same series of transactions or occurrences. Instead, Taber's main argument is that a motion to amend is the most efficient, economical and procedurally sensible way of advancing this litigation. For example, he points to Federal Rule of Civil Procedure 24(b)(1)(B), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," and asks what procedural purpose is served by denying his motion to amend if this standard for permissive intervention is met.

Taber may be correct that the proposed plaintiffs likely meet this permissive intervention standard. They, however, have not filed motions for intervention. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," with few exceptions. Fed. R. Civ. P. 1. Though the Rules should be construed to secure just and inexpensive determinations, the Court cannot disregard or circumvent the Rules merely because it may be more efficient and economical for the proposed plaintiffs. In other words, the Court cannot join plaintiffs under Rule 20 because they may meet the standard of permissive intervention under Rule 24. Permissive intervention would also confirm and establish that each

3

party is knowingly represented by counsel or has purposely chosen to proceed pro se.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint is DENIED.