**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:06-CV-144-R**

**THOMAS TABER, et al.,**                                                                 **PLAINTIFFS**

**v.**

**MCCRACKEN COUNTY, et al.**                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Keith Huennekins, Clifford W. Mays, Timothy McFarland, Bradley Davis, Allen Nesler, Mary Reynolds, Don Shaw and Timothy Wilson's Motion to Intervene (DN 98). Defendants have responded (DN 99), and Intervenors have replied (DN 100). This matter is now ripe for adjudication. For the reasons that follow, Intervenors' Motion to Intervene is GRANTED.

The original Plaintiff in this matter, Thomas Taber, was an inmate of the McCracken County Detention Center ("Jail"). He claims that the policies, practices, procedures and conduct of the Jail violated his rights under the Eighth and Fourteenth Amendments of the Constitution. Specifically, he alleges that he was infected with methicillin-resistant *Staphylococcus aureus* ("MRSA"), a bacteria that is resistant to many antibiotics and can cause severe infections, after entering the Jail.

Intervenors also claim that they were infected with MRSA while incarcerated in the Jail. They claim that they "were denied appropriate and necessary medication and medical attention for their serious medical needs, and were denied access to the courts, all as a consequence of Defendants' neglect and deliberate indifference."

Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Rule

provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Rule further states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Intervenors present claims that share a common question of law or fact with the main action because the claims arise from similar alleged practices by the Jail. For example, both Intervenors and Plaintiffs allege that the Jail has failed systematically to isolate inmates during periods when those inmates had MRSA wounds that required bandaging, to educate inmates about MRSA upon admission and for substantial periods thereafter, and to make any effort to determine the source of the MRSA outbreak.

Consequently, the Court may grant the Motion for Intervention so long as intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); *see also Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974). The Court finds that Defendants are not prejudiced by granting permissive intervention at this time. Moreover, there will be considerable judicial economy for Defendants and Plaintiffs in coordinating discovery.

Defendants contest the intervention of Davis, Reynolds, Nesler, McFarland, Mays, and Huennekens, asserting that these Intervenors did not first exhibit symptoms of MRSA after they had been in the Jail for more than ten days. In reply, Intervenors proposed that they be given the opportunity to review Defendants' documents and reach an agreement with Defendants on which Intervenors should be permitted to intervene in this case. An agreed order has since been entered by the Court, dismissing three Intervening Plaintiffs, but no agreed order has been submitted

regarding Intervenors in the pending motion.

Intervenors have stated a claim that shares with the main action a common question of law or fact.  Whether each Intervenor can prove his or her claim is a question more properly dealt with in a motion to dismiss or a motion for summary judgment.  Therefore, for the foregoing reasons, IT IS HEREBY ORDERED that Intervenors' Motion to Intervene is GRANTED.